UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JESSE ROSE,**

        **Plaintiff,**

v.                                    **Case No. 6:25-cv-171-CEM-DCI**

**JACK'S LEGACY SERVICES
LLC and GILLES RODOLPHE
SASSINE,**

        **Defendants.**

_____/

**ORDER**

THIS CAUSE is before the Court on the Joint Motion to Approve FLSA Settlement Agreement and to Dismiss this Action with Prejudice (Doc. 40). The United States Magistrate Judge issued a Report and Recommendation (Doc. 43), recommending that the Motion be granted in part.[1] Defendants filed an Objection (Doc. 49) to which Plaintiffs[2] filed a Response (Doc. 50).

The R&R found that the settlement of the Plaintiffs' FLSA claims was "a fair and reasonable compromise," under *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*,

---

[1] Defendants also filed a Motion for Extension of Time to File Objections (Doc. 46), which will be granted, and a Motion for Leave to File a Reply to Plaintiff's Response (Doc. 48), which will be denied.

[2] Although there is only one named Plaintiff in this case, several other opt-in Plaintiffs were included in the settlement.

679 F.2d 1350, 1352–53 (11th Cir. 1982), and recommended approving that settlement. The R&R also found that the separate general release, for which Defendants paid separate consideration, did "not affect the overall fairness of the FLSA settlement." (Doc. 43 at 7). Neither party objects to these findings.

Nevertheless, the R&R recommends rejecting other provisions, including the confidentiality, non-disparagement, no-rehire, and written modifications provisions. Defendants object to this portion of the R&R as to the non-disparagement and no-rehire provisions only. The analysis in this portion of the R&R focuses on the fact that "the parties provided no explanation in the Motion concerning the propriety of" these other provisions. The Court agrees that the parties failed to address these provisions in the Motion and the Magistrate Judge had no obligation to make arguments for the parties. However, in their Objections, Defendants address this matter. And, while the Court is not obligated to consider matters that were not briefed before the Magistrate Judge, it will do so here.

Because Defendants have now provided an adequate explanation for why the non-disparagement and no-rehire provisions were subject to separate consideration and did not impact the fairness and reasonableness of the FLSA settlement, the Court will not strike those provisions. *See Kidd v. Wawa, Inc.*, No. 5:23-cv-694-BJD-PRL, 2024 U.S. Dist. LEXIS 94524, at *6 (M.D. Fla. May 28, 2024) (discussing that courts will approve general releases, non-disparagement provisions, and waiver of

future employment where plaintiffs receive "separate consideration from that under the FLSA" and the court is convinced that the settlement of the FLSA claims are otherwise fair and reasonable).

After review in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion for Extension of Time to File Objections (Doc. 46) is **GRANTED**. The Objections (Doc. 49) are accepted as timely filed.

2. Defendants' Motion for Leave to File a Reply to Plaintiff's Response (Doc. 48) is **DENIED**.

3. The Report and Recommendation (Doc. 43) is **ADOPTED as modified herein** and made a part of this Order.

4. The Joint Motion to Approve FLSA Settlement Agreement and to Dismiss this Action with Prejudice (Doc. 40) is **GRANTED in part** and **DENIED in part**.

   a. The written modification provision (Doc. 40-1 at 7) and the confidentiality provision (*id.* at 22) are **STRICKEN**.

   b. The Settlement Agreement is otherwise **APPROVED**.

   c. This case is **DISMISSED with prejudice**.

   d. The Motion is otherwise **DENIED**.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 12, 2026.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record